IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC TAFOYA,

      Plaintiff,

vs.                                                                  No. 1:21-cv-00768-WJ-KK

CITY OF ESPANOLA,
RON PADILLA,
SALLY BAXTER,
MAGGIE HART,
THERESA MARTINEZ,
JAVIER SANCHEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on the Order to Show Cause (Doc. 25) why sanctions should not be imposed for failure to comply with a Court Order and failure to prosecute or defend this case. The Court will impose sanctions of dismissal of this case without prejudice against Plaintiff and preclusion of a statute of limitations defense against Defendants for the parties' failure to comply with a Court order, to communicate with the Court, and to diligently prosecute or defend the action.

Plaintiff filed his Complaint on August 17, 2021. (Doc. 1). Defendants filed a Rule 12(b)(6) Motion to Dismiss on September 17, 2021. (Doc. 13). Plaintiff also filed a First Motion to Amend or Supplement Complaint on October 18, 2021. (Doc. 20). At the request of the parties, the Court entered a Stipulated Order on November 2, 2021, temporarily staying the proceedings until after a November 2021 hearing on the parties' administrative appeals and cross-appeals in State of New Mexico cause no. D-117-cv-2021-00196. (Doc. 24). The Stipulated Order recited:

"The parties agree that a temporary stay of all proceedings in the instant case

1

> until after the November 2021 hearing would be prudent at this time . . . After the November 2021 hearing on Appellant's Statement of Appellate Issues and Cross-Appellants' Statement of Appellate issues that ***the parties shall, within five (5) days from the date of the hearing, notify the court that the proceedings in this case should be resumed.***" (Doc. 24 at 1-2) (emphasis added).

The hearing on the parties' Statements of Appellate Issues was commenced in State of New Mexico cause no. D-117-cv-2021-00196 on December 17, 2021 and was completed on January 11, 2022.[1] The state court entered its Order Granting Cross-Appellant's Cross-Appeal and denying Appellant's Appeal on March 15, 2022. Plaintiff Tafoya filed a Notice of Appeal, appealing the state district court's decision to the New Mexico Court of Appeals on April 1, 2022, and that appeal remains pending. Nine months have passed, and the parties have never submitted the notice required by the November 2, 2021 Stipulated Order. Briefing of the parties' Motions (Doc. 13, 20) remains incomplete and pending before the Court. At the time the Order to Show Cause was entered, no party had communicated with the Court since November 2, 2021.

On August 12, 2022, the Court entered an Order to Show Cause (Doc. 25). The Order directed the parties to show cause why sanction should not be imposed for failure to comply with the Court's November 2, 2021 Stipulated Order (Doc. 24) and failure to prosecute or defend this case. Plaintiff has responded stating, as grounds for the failure to comply and to prosecute, that counsel efforts have been focused on the administrative appeal proceedings in state court.[2] (Doc. 26 at 1-2). Plaintiff also submitted supplemental exhibits in support of his Response. (Doc. 28).

---

[1] The Court has reviewed the official record in D-117-cv-2021-00196 through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007).

[2] Plaintiff also raises counsel's family health matters. The Court extends its sincere condolences to Plaintiff's counsel on the death of his father.

The supplemental exhibits indicate that, on September 9, 2022, the New Mexico Court of Appeals granted certiorari to review the state court's rulings in the administrative appeal and has assigned the matter to the Court's General Calendar for full briefing and oral argument. (Doc. 28). Defendants respond to the Order to Show Cause indicating that resolution of the state court proceedings will significantly impact this case, the Stipulated Order staying proceedings was poorly drafted, and they mistakenly assumed that this case would resume only after completion of all proceedings in state court. (Doc. 27).

It is apparent from the original stay order and the parties' responses to the show cause Order that the parties consider it important to complete the state court proceedings before moving forward in this Court. The parties' filings, in effect, show that this case was filed prematurely. The original proceedings staying this case as well as the parties' responses demonstrate that the state court proceedings may have a significant effect on the claims and defenses in this case. (Doc. 26, 27, 28). The Court is also aware that it may take several more years before the New Mexico appellate court proceedings are fully and finally resolved. (Doc. 28).

However, it unnecessarily burdens the Court to maintain an essentially dormant case with pending unbriefed motions on the Court's extremely busy docket, and the Court would not have granted what amounts to an indefinite stay of proceedings. The parties' responses do not show good cause for noncompliance with the November 2, 2021 Order, for complete failure to communicate with the Court regarding the status of the proceedings, or for lack of diligence in the prosecution or defense of the case. Although the Court does not find that any party's failure to comply and failure to prosecute or defend was willful or malicious, the Court does conclude that the failures are intentional failures. *See, In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

The Court may impose sanctions, including but not limited to monetary sanctions, dismissal of the action under Fed. R. Civ. P. 41(b), or entry of a default judgment, for failure to prosecute and defend, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . ..") (citation omitted)). Under D.N.M. LR-Civ 41.1, a civil action may be dismissed if for a period of 90 days, no steps are taken to move the case forward, and under Fed.R.Civ.P. 41(b), an action that is not prosecuted with reasonable diligence is subject to dismissal. *See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). Dismissal is a permissible option, because "district court judges need to be able to control their courtrooms." *King v. Fleming*, 899 F.3d 1140, 1149 (10th Cir. 2018).

The Court is cognizant of the concerns with use of dismissal as a sanction articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Applying *Ehrenhaus*, the Court finds that dismissal of this case without prejudice sufficiently sanctions Plaintiff for noncompliance with the Court's order and failure to prosecute while minimizing prejudice to Plaintiff by preserving Plaintiff's rights to pursue his claims once the state court proceedings are fully and finally concluded. The Court further notes that the statute of limitations may serve to bar a refiled action even when the dismissal is without prejudice. *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994)   Therefore, the court also finds that prohibiting Defendants from asserting the statute of limitations as a defense to any refiled action by Plaintiff best serves to sanction Defendants for noncompliance while maintaining the status quo between the parties during pendency of the state court

4

proceedings. After careful consideration of the *Ehrenhaus* factors, the Court concludes that these sanctions are best tailored to eliminate the burden of a dormant case on the Court's docket while preserving Plaintiff's right to proceed on his claims in the future and maintaining the status quo between the parties while they complete the state court proceedings. *Ehrenhaus*, 965 F.2d 916, 920

The Court **DENIES** the pending Motion to Dismiss (Doc. 13) and Motion to Amend (Doc. 20) as moot and **DISMISSES** this case under Fed. R. Civ. P. 41(b) without prejudice to refiling of Plaintiff's claims after final conclusion of the state court proceedings. The Court prohibits Defendants from asserting a statute of limitations defense to any refiled case, providing Plaintiff refiles his claims within two years after conclusion of the state court proceedings.

IT IS SO ORDERED.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE